People v Ramirez (2019 NY Slip Op 04113)





People v Ramirez


2019 NY Slip Op 04113


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9450 2911/11

[*1]The People of the State of New York, Respondent,
v
Jeffrey Ramirez, Defendant-Appellant.


Speiser & Heinzmann, White Plains (Joseph Heinzmann of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Julia L. Chariott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Nicholas J. Iacovetta, J. at suppression hearing; Troy K. Webber J. at jury trial and sentencing), rendered February 3, 2015, convicting defendant of manslaughter in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years, unanimously affirmed.
The court properly denied defendant's motion to suppress his statements to the police. The record supports the hearing court's finding that Homeland Security officers had probable cause to seize defendant at an airport based on information from the police, which was in turn based on confidential information that supplied significant predictive information, particularly with regard to defendant's impending efforts to flee, as well as other details corroborated by the observations of law enforcement personnel (see People v DiFalco, 80 NY2d 693, 700 [1993]; People v Elwell, 50 NY2d 231, 236-237 [1980]).
Regardless of whether there was probable cause for defendant's arrest, the record supports the hearing court's alternative finding of attenuation. During defendant's detention, but before the questioning that elicited his statements, the police independently obtained undisputed probable cause to arrest. This intervening circumstance attenuated the taint of any potentially illegal detention (See People v Bradford, 15 NY3d 329, 334 [2010]). In addition, "there is no demonstrable proof in the record that the initial detention of defendant was motivated by bad faith or a nefarious police purpose" (id). On the contrary, law enforcement officials had, at least, a high level of suspicion and a good faith belief that it was urgently necessary to prevent defendant from boarding an international flight.
Because defendant only argued that his statements should be suppressed as fruit of an illegal arrest, he did not preserve his argument that the statements were made involuntarily, due to the conditions that he was under, and we decline to review it in the interest of justice. As an alternative holding, we find that there was no coercive police conduct, and that the totality of the circumstances establishes that the statements were
voluntarily made (see Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK